Laura Kuhne
4909 E. Presidio Road
Scottsdale, AZ 85254
vonkuhne@icloud.com

(559) 360-4364

Plaintiff in *Pro Se*



FILED ✓  LODGED ___
RECEIVED ___ COPY ___

APR 0 5 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| LAURA KUHNE,<br><br>  Plaintiff,<br><br>v.<br><br>JOSEPH GERARD CAVALLO,<br><br>  Defendant. | Case No.: CV-17-01010-PHX-DGC<br><br>VERIFIED COMPLAINT for -<br><br>(1) Fraud;<br>(2) Conversion; and,<br>(3) Intentional Infliction of Emotional Distress<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

This is an action against a California lawyer (previously suspended from the practice of law for a 3-count bail scam conviction and recently charged with another $20-million blackmail scam) for admittedly stealing $55,000 from Plaintiff and covering it up with fabricated billing of work never performed. Plaintiff seeks compensatory and punitive damages against Defendant for his theft in the total sum of $50,555,000 and requests a jury trial.

## JURISDICTION

1. This action is based on 18 U.S.C. § 1332(a)(1) diversity jurisdiction because the matter in controversy exceeds $75,000 exclusive of interests and costs

and is between citizens of different states.

## VENUE

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PARTIES

3. Plaintiff, Laura Kuhne (Kuhne) is a natural person resident of Maricopa County, State of Arizona.

4. Defendant, Joseph Gerard Cavallo (Cavallo) is a natural person resident of Orange County, State of California, licensed to practice law in said state.

## FACTS

5. On Cavallo's false and fraudulent representation that because of the confession by the perpetrator of the crime for which Gilbert Gonzalez was convicted and sentenced to 270 months in federal prison in United States District Court Northern District of Georgia Case No. 06-00351-CR-08-WSD-1 the filing of a writ of habeas corpus would be a "home run," and Mr. Gonzalez would surely be released, on November 15, 2014 Kuhne orally hired Cavallo to file and prosecute said writ for the total sum of $55,000. Cavallo requested payment be in cash but accepted Kuhne's offer to pay it by cashier's check provided she did so in checks below $10,000 for reasons supposedly known to Kuhne, surmised to be refusal to report or pay taxes on said money. Kuhne accordingly paid Cavallo in one $5,000 Union Bank cashier's check dated November 13, 2014 and five $10,000 cashier's checks dated November 15, 2014, the latter being the first business day the bank could issue them.

6. Literally forced by Kuhne to do the work, Cavallo spoke to the confessing witness and lied to him that he could be incarcerated in Gonzalez's place even though the 5-year statute of limitations for it had long expired thus purposely antagonizing him thus impeding Gonzalez's relief.

7. At Kuhne's demand for Defendant to speak with Mr. Gonzalez in prison, in March of 2015 Cavallo visited Gonzalez at Federal Correctional Institution, Safford, Arizona and told hiln there was nothing he could do for him. Cavallo nevertheless made Gonzalez sign a purported retainer agreement in English (which Mr. Gonzalez could not read) to avoid California's written attorney's fee requirement for contracts above $1,000 and further bar Gonzalez from resorting to the courts to uncover the fraud.

8. Because Cavallo admittedly could do nothing for Mr. Gonzalez, not knowing what he had signed, he shortly thereafter demanded the return of his files and Kuhne the return of her money. At about the smne time, believing the $55,000 was Gonzalez's money, Cavallo called Kuhne (who had been his former and loyal secretary) and asked her to help him steal the $55,000. On her refusal Cavallo told Kuhne that he was just going to file a genetic writ to keep the money. Kuhne clarified that the money was hers and that she, instead of Mr. Gonzalez, had hired Cavallo to do the vvork and that she wanted her money back. Kuhne last demanded her money from Cavallo in February, 2017 to no avail.

## CLAIMS FOR RELIEF
### First Claim for Relief
### (Fraud)

9. Kuhne incorporates by reference 1-8 of this complaint as though fully set forth herein.

10. Cavallo's representations in ,- 5 were knowingly false, material, and intended to convince Kuhne to pay the $55,000.

11. Kuhne was ignorant of the falsity of Cavallo's representations and relied on them having a right to do so.

12. As a proximate consequence thereof, Kuhne was injured.

### Second Claim for Relief
### (Conversion)

13. Kuhne incorporates by reference ps. 1-12 of this complaint as though

3

fully set forth herein.

14. Kuhne had a clear legal ownership or right to possession of the cashier's checks described in ¶ 5 of this complaint.

15. Cavallo wrongfully converted to its own use those cashier's checks which were Kuhne's property.

16. As a proximate cause of Defendant's conversion Plaintiff suffered damages.

### Third Claim for Relief
### (Intentional Infliction of Emotional Distress)

17. Kuhne incorporates by reference ¶¶ 1-16 of this complaint as though fully set forth herein.

18. Cavallo's conduct was extreme and outrageous.

19. Cavallo either intended to cause Kuhne emotional distress or acted in reckless disregard known to a near certainty that such distress would result from his theft.

20. As a proximate result of Cavallo's theft Kuhne in fact suffered severe emotional distress.

WHERETOFORE, Plaintiff prays for –

(1) Recovery of the $55,000 Defendant stole;

(2) General Damages in the sum of $500,000;

(3) Punitive damages in the sum of $50,000,000;

(4) Costs of this suit; and,

(5) All other relief the Court deems just and proper.

April 4, 2017

Laura Kuhne

4

## VERIFICATION

I am the Plaintiff herein. The contents of this complaint are true and correct and of my personal knowledge except as to matters alleged on information and belief and those I believe to be true.

I declare under penalty of perjury the foregoing is true and correct.

April 4, 2017

_____
Laura Kuhne, Declarant

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

April 4, 2017

_____
Laura Kuhne
4909 E. Presidio Road
Scottsdale, AZ 85254
(559) 360-4364

5